```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            CHARLESTON
```

**SHAWN TACKETT,**

    **Movant,**

v.                                  **Case No. 2:05-cv-00370**
                                        **Case No. 2:03-cr-00261-02**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant, Shawn Tackett's (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (docket sheet document # 105). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On November 18, 2003, a federal grand jury charged Defendant and others with conspiring to manufacture methamphetamine in violation of 21 U.S.C. § 846. (# 1). On January 12, 2004, Defendant pled guilty (# 54), pursuant to a written plea agreement (# 53), to the charge contained in the indictment. At the conclusion of the plea hearing, the Honorable Joseph R. Goodwin, the presiding District Judge, directed the Probation Office to prepare a Presentence Investigation Report ("PSR"). Defendant's

sentencing was scheduled for March 29, 2004, but was later continued to April 26, 2004.

In the PSR, the probation officer determined that 30.24 grams of pseudoephedrine, purchased by Defendant from a Target department store in South Charleston, West Virginia on August 14, 2003, was attributable to him as offense conduct. The probation officer converted that amount to a marijuana equivalency of 302.4 kilograms, which resulted in a base offense level of 26 under the United States Sentencing Guidelines. See U.S.S.G. § 2D1.1(c)(7).

The PSR also recommended that Defendant receive a two-level enhancement for Defendant's use of a juvenile in the commission of a crime, which raised Defendant's offense level to 28. The PSR further recommended that Defendant be given a three-level reduction for acceptance of responsibility. Therefore, Defendant's recommended total offense level was 25. With a criminal history category of IV, Defendant's recommended Guideline range of imprisonment was 84 to 105 months.

At Defendant's sentencing hearing on April 26, 2004, Defendant, by his appointed counsel, Barron M. Helgoe, objected to the quantity of drugs attributed to Defendant. First, Defendant claimed that the 30.24 grams of pseudoephedrine should have been converted to a quantity of methamphetamine, rather than a marijuana equivalency. Mr. Helgoe argued that the processed pseudoephedrine would have resulted in 15.12 grams of methamphetamine.

Defendant further objected to the attribution of 7 grams of methamphetamine that Defendant bought from Ronald Shamblin, and then turned around and sold, in addition to the attribution of a total of 18 grams of methamphetamine that Defendant admitted he received from Ronald Shamblin, on the basis that it would constitute double counting.

Mr. Helgoe asserted that a total of 33 grams of methamphetamine should be attributed to Defendant, resulting in a base offense level of 22, instead of 26. (# 113, Ex. A at 4-5). The parties ultimately agreed that Defendant should be attributed 33.12 grams of methamphetamine, and the district court so found by a preponderance of the evidence. (Id. at 5-6).

Defendant also objected to the two-level enhancement for using a minor to commit a crime, asserting that Defendant did not direct, command, encourage, intimidate, counsel, train, procure, recruit or solicit the juvenile who participated in the purchase of pseudoephedrine. See U.S.S.G. § 3B1.4, App. Note 1. Defendant argued that the juvenile was there at the direction of Ronald Shamblin. (Id. at 6). The district court overruled that objection, finding that "the person on the receiving end of a drug transaction which uses a child as a courier is a user of that minor for the purpose." (Id. at 7). The district court further found that Defendant knew Mr. Shamblin was using a minor to transport the drugs. (Id.)

The district court adopted the remainder of the PSR, and determined that Defendant's total offense level, with the two-level enhancement for using the minor, and a three-level reduction for acceptance of responsibility, was 21. With a criminal history category of IV, Defendant's Guideline range of imprisonment was determined to be 57-71 months. (Id. at 10).

Defendant was sentenced at the bottom of the Guideline range to 57 months of imprisonment, to be followed by a three-year term of supervised release. The district court imposed no fine or restitution, but ordered the payment of a $100 special assessment, as required. (Id. at 13-14).

A Judgment Order to this effect was entered on May 11, 2004. (# 92). No appeal was taken. The United States has supplemented the record herein with a Waiver of Appeal signed by Defendant on April 26, 2004. (# 113, Ex. B, Waiver of Appeal). This Waiver of Appeal was provided by Mr. Helgoe, along with an affidavit. (Id., Affidavit of Appointed Counsel).

Defendant executed the instant section 2255 motion on April 22, 2005, and it was received in the Clerk's Office on May 2, 2005. The motion raises two grounds for relief. First, Defendant claims that he was denied effective assistance of counsel because Mr. Helgoe denied him the right to file a direct appeal, and failed to inform him that he could attack his sentence through a section 2255 motion. (# 105 at 5, Ground One). Second, Defendant appears to

assert that there was a miscalculation of his base offense level in the PSR. (Id. at 6, Ground Two). Defendant offers no further support of this claim in the motion itself.

However, Defendant also filed a Memorandum of Law in support of his section 2255 motion. (# 106). In the Memorandum, Defendant asserts that Mr. Helgoe was ineffective because he encouraged Defendant to enter into a plea agreement before consulting the validity of the PSR. (Id. at 2-5). This claim is nonsensical, as the PSR was not prepared until after Defendant's guilty plea. Therefore, Mr. Helgoe could not have "consulted the validity of [the report]" before advising Defendant about his guilty plea.

The Memorandum also adds a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), stating that all of the enhancements to his sentence should be removed because the conduct forming the basis for the enhancements was neither found by a jury beyond a reasonable doubt, nor admitted by Defendant. (Id. at 5-6).

On June 7, 2005, the United States filed a response to Defendant's section 2255 motion, asserting that Defendant is entitled to no relief on the claims in his motion. (# 113). Defendant did not file a reply brief. The matter is now ripe for determination.

## ANALYSIS

**A. Ineffective assistance of counsel claims.**

The Supreme Court addressed the right to effective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. 466 U.S. at 688-89.

In order to meet the first prong, Defendant

> must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

460 U.S. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." 466 U.S. at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. 466 U.S. 697. In the context of a case in which a defendant pled guilty, he must show that he would not have pled guilty but for counsel's incompetence. Hill v. Lockhart, 474 U.S. 52 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

The undersigned will use this standard in addressing Defendant's various claims of ineffective assistance of counsel.

### Denial of direct appeal

Defendant has asserted that he was denied the right to a direct appeal because his counsel did not inform him of that right, and he was under the impression that, by pleading guilty, he had waived that right. (# 105 at 4-5). The United States' response states:

> The record reflects, however, that defendant was clearly informed by Judge Goodwin, that he had a right to appeal his sentence, and was required to file a written notice of appeal within ten days within the entry of judgment. Defendant expressly acknowledged his understanding of that advice. See Sentencing Transcript attached hereto as Exhibit A at page 15. Moreover, the United States provided defendant's former counsel, Barron M. Helgoe, Esquire with a copy of defendant's Motion to Vacate Sentence. In response, the United States received the attached letter, affidavit and waiver of appeal previously signed by defendant which is attached hereto as Exhibit B.
>
> Defendant's claim that he did not understand he had a right to appeal is clearly unsustainable. He was

> informed by the Court. He was informed by his attorney. He signed a clear and unequivocal waiver of appeal. To the extent that the defendant now claims otherwise his allegations must be regarded as utterly lacking in credibility.

(# 113 at 4).

Defendant was advised by the presiding District Judge at his sentencing that he had ten days from the entry of the judgment order to file a written notice of appeal. (# 113, Ex. A at 15). The sentencing hearing took place on April 26, 2004. That same day, Defendant executed a Waiver of Appeal, which states as follows:

> I, Shawn Tackett, having been fully advised, by my attorney, Baron M. Helgoe, of my right to appeal the conviction and sentence imposed in the above-captioned case, hereby knowingly, intelligently and voluntarily, waive my right to appeal the said conviction and sentence.

(# 113, Ex. B).

It is clear from the record before this court that Defendant was advised of his right to appeal, both by the presiding District Judge and Mr. Helgoe, and that he voluntarily waived that right. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that his counsel's performance fell below an objective standard of reasonableness under the circumstances and, thus, Defendant is entitled to no collateral relief on this claim of ineffective assistance of counsel.

### Failure to investigate issues in PSR

In Ground Two of his motion, and as further mentioned in his Memorandum of Law, Defendant asserts that Mr. Helgoe failed to investigate or familiarize himself with issues in Defendant's PSR. The Memorandum of Law states in pertinent part:

> Had [Defendant's] counsel intended to represent his client effectively, he would have made himself more familiar with the pre-sentence report, which the Government relied upon in calculating [Defendant's] criminal history level and category and would have intercepted by bringing to the court[']s attention the errors there in concerning the criminal history and calculations which stemmed from activity and conduct not meeting the criteria of standards found in the United States Sentencing Guideline[s].

(# 106 at 5).

In response to this claim, the United States asserts:

> Contrary to defendant's suggestion, there is nothing in the record to support his claim that Mr. Helgoe failed to properly prepare for sentencing by investigating the Presentence Report. Indeed, the performance of counsel at sentencing reflects a thorough familiarity with the Presentence Report and a well-reasoned objection to the calculation of drug quantity. Certainly having achieved what must be considered the lowest possible sentence available under the appropriate application under the sentencing guidelines, defendant cannot possibly argue that Mr. Helgoe had a duty to advise an appeal in those circumstances.

(# 113 at 5-6).

An allegation that an attorney conducted an inadequate investigation does not warrant relief absent a proffer of the specific favorable evidence the investigation would have brought out. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir.

1991). Furthermore, the reasonableness of an investigation made by counsel must be evaluated under the totality of the circumstances facing the attorney. See Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991).

Defendant has not identified any specific errors within the PSR that he believes further investigation by his counsel would have uncovered, or how he was prejudiced by the performance of his counsel at his sentencing. It appears that counsel conducted an adequate investigation under the circumstances, and successfully objected to the drug quantities in the PSR, resulting in a sizeable reduction in Defendant's sentence.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that Mr. Helgoe was constitutionally ineffective, and that Defendant is entitled to no collateral relief on this claim.

### Blakely/Booker arguments

Defendant's Memorandum of Law further requests that, in light of the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), the enhancements to his sentence should be removed. (# 106 at 5). Specifically, Defendant's Memorandum of Law states:

> [Defendant's] sentence was imposed in violation of the (5th) and (6th) Amendments of the United States Constitution, the right to a jury finding or facts admitted to by the defendant, any fact that enhances a sentence or facts not indicted but rather founded and based upon relevant conduct or the preponderance of

> evidence violates the (6th) Amendment right and the (5th) Amendment right to due process that[']s guaranteed by the Constitution.
>
> Based upon conduct not admitted by [Defendant] and not found[] by a jury which made the final adjudication to be in excess of what Congress or the sentence reform committee intended and which cause[d] and made [Defendant's] sentence a[n] "exceptional sentence" in many aspects. This [Defendant] now requet[s] that this Honorable Court remove all enhancements found[] by the United States Probation Office and from a conformity to his sentence under the new rule dictated by <u>Blakely v. Washington</u> # 02-1632 decided on June 24, 2004 in ruling on this timely motion being filed in pursuant to 28 U.S.C. § 2255.

(# 106 at 5-6). The Memorandum of Law further asserts, in passing, that "[b]y not contesting the guidelines drug conversion on direct appeal simply violated this [Defendant's] 5th Amendment due process right, [Defendant] was sentence[d] for conduct that never appeared before the Grand Jury to be placed on his criminal indictment." (# 106 at 3).

The United States' response on this issue states:

> To the extent that defendant seeks to invoke <u>Blakely</u> and <u>Booker</u>, it is clear that both of those decisions were not part of the legal framework at the time that defendant was sentenced. Counsel cannot be deemed ineffective for failing to anticipate all possible future changes in the law. In this case, Mr. Helgoe worked within the procedures available at the time of defendant's sentencing and achieved the most advantageous result possible. To the extent, therefore, that defendant seeks to achieve what this Court has already rejected on numerous occasions - a retroactive application of <u>Booker</u> and <u>Blakely</u>, he cannot accomplish that task by an ill-supported claim of ineffective assistance of counsel.

(# 113 at 6).

11

On January 12, 2005, the Supreme Court decided <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which reaffirmed the Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), applied the holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) to the Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S. Ct. at 756.  The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" 125 S. Ct. at 769 (quoting <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)).  Defendant's case has concluded direct review and is final.  Thus <u>Booker</u> does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review.

On November 7, 2005, the United States Court of Appeals for the Fourth Circuit held:

> The rule announced in <u>Booker</u> is a new rule of criminal procedure, but it is not a watershed rule. Accordingly, the rule is not available for post-conviction relief for federal prisoners, like Morris, whose convictions became final before <u>Booker</u> (or <u>Blakely</u>) was decided.

<u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).

Nine other Circuit Courts of Appeals previously reached the same conclusion and ruled that <u>Booker</u> does not apply retroactively

to cases on collateral review.  See United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005); Padilla v. United States, 416 F.3d 424 (5th Cir. 2005)(per curiam); Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005)(per curiam); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3rd Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.), cert. denied, 126 S. Ct. 731 (2005); Humphress v. United States, 398 F.3d 855 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005); Varela v. United States, 400 F.3d 864 (11th Cir.)(per curiam), cert. denied, 126 S. Ct. 312 (2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005).  Not one circuit court of appeals has decided that Blakely or Booker applies retroactively on collateral review.

Based on Morris, and the other decisions rendered by circuit courts of appeals reaching the same conclusion, the undersigned proposes that the presiding District Judge **FIND** that Movant's conviction was final before Blakely and Booker were decided, and that neither Blakely nor Booker applies retroactively on collateral review.

Mr. Helgoe could not be expected to anticipate Supreme Court rulings months in advance.  Therefore, he appropriately advised Defendant about his right to appeal, and the likelihood of success based upon the law at the time of Defendant's sentencing.

13

Defendant then voluntarily waived his right to appeal.  Defendant cannot demonstrate that Mr. Helgoe's conduct in not appealing Defendant's sentence was ineffective.

Therefore, to the extent that Defendant has alleged violations of his Fifth and Sixth Amendment rights based upon enhancements to his sentence, the undersigned further proposes that the presiding District Judge **FIND** that Defendant is entitled to no collateral relief on those claims.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's section 2255 motion (# 105).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time

period may be granted for good cause shown.

 Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

 The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Shawn Tackett, and to counsel of record.

  February 17, 2006        /s/ Mary E. Stanley
    Date             Mary E. Stanley
                 United States Magistrate Judge

15